[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE:
 MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES AND COUNT FOUR OF THEIR COUNTERCLAIM (105)
The Plaintiff moves to strike the Second and Third Defense of the Defendant's Special Defenses and the Fourth Count of the Defendant's Counterclaim. In the Defendant's Second Special Defense assumption of the risk is pled as a defense to all counts of the Complaint. The Defendant claims that "the plaintiff knew or should have known that she placed herself in danger because she assumed the risk by initiating and/or provoking a confrontation with the defendant." Pursuant to General Statutes § 52-572h (1) assumption of the risk has been abolished as a defense to a negligence action. Therefore the Motion to Strike the Second Special Defense of assumption of the risk is granted as to the First Count of the Complaint alleging negligent assault. As to the Second Count of the Complaint alleging reckless and wanton conduct, the Motion to Strike the Second Special Defense is denied. Assumption of the risk can be relied upon as a defense to reckless misconduct. DAS v. Turkey HillAssociation, Inc., judicial district of Hartford-New Britain at Hartford, Docket No. CV 950552481 (Jan. 11, 1996) (Sheldon, J.). As to the Third Count of the Complaint alleging intentional assault, the doctrine of assumption of the risk has been overwhelmingly rejected as a defense to intentional torts. Agnes v. Grem, Judicial District of Hartford-New Britain at Hartford, Docket No. CV 99 0587276 S (June 26, 2001) (Rubinow, J.). Therefore the Motion to Strike the Second Special Defense as to that Count is granted. The Defendant's counsel also conceded at oral argument that the special defense of assumption of the risk should be stricken as to the First and Third counts of the complaint. In addition, the Defendant's counsel conceded that the Motion to Strike should also be granted as to the Third Special Defense. That Defense raises the same issue set forth in the Defendant's Motion to Strike dated June 10, 2002, which was denied by the court. CT Page 11293
The Plaintiff also moves to strike Count Four of the Defendant's counterclaim which alleges negligence per se pursuant to General Statutes § 53a-181. That statute sets forth the crime of breach of the peace for which the Defendant claims the Plaintiff was arrested as a result of the fight and assault alleged in the counterclaim. The violation of a criminal statute such as General Statutes § 53a-18 1 cannot constitute the basis for a cause of action for negligence since the nature of the activities prohibited by the language of the statute itself are "intentional" or "reckless". Therefore the Motion to Strike Count Four of the counterclaim is granted.
In conclusion, the Motion to Strike the Second Special Defense is granted as to First and Third Counts of the Complaint and denied as to the Second Count. The Motion to Strike the Third Special Defense is granted. The Motion to Strike Count Four of the Counterclaim is granted.
 ___________________, J. Jane S. Scholl
CT Page 11294